# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2022

Lyle W. Cayce
Clerk

No. 21-20326

U.S. Bank National Association, *as trustee for CSMC Mortgage-Backed Trust 2007-3*; PHH Mortgage Corporation, *individually as successors in interest to* Ocwen Loan Servicing,

*Plaintiffs—Appellees*,

*versus*

Josef M. Lamell, *also known as* J. M. Arpad Lamell,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-2402

Before Stewart, Clement, and Elrod, *Circuit Judges*.

Per Curiam:*

Appellant Josef Lamell has not made the monthly mortgage payment on his house for over a decade. Following a protracted state court proceeding initiated by Mr. Lamell, Appellees United States Bank National Association

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20326

(USBNA) and PHH Mortgage Corporation (PHH) filed a declaratory judgment action in federal district court.  USBNA and PHH sought declarations that (a) they were not time barred from foreclosing on Mr. Lamell's property or collecting on the mortgage note; (b) they were entitled to pay taxes on the property; (c) they were entitled to non-judicial foreclosure; and (d) they were entitled to foreclosure under the theories of equitable and contractual subrogation.

The district court granted summary judgment in favor of USBNA and PHH with respect to their request for a declaration on each of the foregoing grounds, and Mr. Lamell timely appealed.  For the following reasons, we AFFIRM.

I.

In September 2006, Mr. Lamell mortgaged the real property located at 5131 Glenmeadow Drive, Houston, Texas 77096.  To do so, he executed a note and deed of trust, which granted a security interest in the property to Home123 Corporation (Home123).  The deed of trust initially named Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary, as well as the nominee of Home123.  But in 2010, MERS and Home123 assigned the deed of trust to USBNA, who is the current holder of the note and beneficiary of the deed of trust.

In February 2010, Mr. Lamell stopped making his monthly mortgage payment.  That same month, Mr. Lamell filed a state court petition against the Harris County Appraisal District, its Review Board, and the Harris County Tax Assessor, alleging fraud-related claims arising from certain tax assessments and charges on his property.  In April 2010, the then-mortgage servicer of Mr. Lamell's property, CIT Bank, N.A. (CIT), sent Mr. Lamell a notice of default, demand to cure, and notice of intent to accelerate the loan.

No. 21-20326

In response, Mr. Lamell amended his state court petition to add CIT as a defendant.[1] But he did not cure his default.

Because of Mr. Lamell's failure to cure, USBNA sent him a first notice of acceleration in June 2010. In it, USBNA demanded payment of the entire outstanding loan amount. Over the next three years, USBNA sent Mr. Lamell at least five more notices of acceleration, all of which demanded the entire amount outstanding on the loan. But Mr. Lamell never cured the default.

In October 2013, CIT transferred its mortgage servicing rights to Ocwen Loan Servicing, LLC (Ocwen). Between January and April 2014, Ocwen sent Mr. Lamell four separate mortgage account statements demanding less than the full amount then due on the loan. Mr. Lamell still did not cure, nor did he pursue any of the mortgage foreclosure alternatives that Ocwen offered.

It does not appear from the record that anything meaningful occurred in relation to this case until May 2019, when Ocwen transferred the mortgage servicing rights to PHH. Around that same time, there were several developments in the state court proceeding. First, Mr. Lamell supplemented his state court petition, seeking a declaration that any pending or future foreclosure actions by CIT or its successors or assigns were time barred. Second, the parties settled, releasing all claims and counterclaims that were part of the state court suit. Third, the state court entered final judgment on

---

[1] The "Amended 2009 Petition" purported to assert the following claims: "Violation of Due Process, Violation of Fair and Uniform Tax Appraisal, Fraud and Misrepresentation, Unlawful Tax Collection, Failure to Disclose, Conversion, and False Agency."

the settlement agreement, dismissing with prejudice all claims that were or could have been asserted.

On July 2, 2019, PHH sent its first notice of foreclosure to Mr. Lamell. The very next day, USBNA and PHH commenced the present action in federal district court, seeking a declaratory judgment "to confirm that the Statute of Limitations does not prevent them from enforcing the Loan Agreement, that Defendant released any claims he may have had to bar the enforcement of the Loan Agreement, and for foreclosure so it may enforce its security interest in the Property." USBNA and PHH also sought a declaration that they were equitably or contractually subrogated to the rights of prior lienholders. Mr. Lamell counterclaimed for both declaratory and monetary relief.

Despite the July 2, 2019 notice of foreclosure, Mr. Lamell still did not cure his default. So, in August 2019, PHH sent Mr. Lamell a notice of acceleration of loan maturity, which demanded the *full* amount outstanding on the loan—$1,289,102.72.

Meanwhile, USBNA and PHH moved for summary judgment on their claims for declaratory relief in the federal suit. The magistrate judge recommended granting the motion on the ground that Mr. Lamell's statute of limitations defense was barred by res judicata, and that USBNA and PHH presented sufficient summary judgment evidence showing entitlement to non-judicial foreclosure. It further recommended that there was a genuine factual dispute regarding whether USBNA and PHH abandoned acceleration of the full loan amount; whether USBNA and PHH were entitled to a declaratory judgment as to their right to equitable and contractual subrogation; and whether PHH and USBNA were entitled to pay taxes on the property. The district court adopted the magistrate judge's

recommendations in full and entered final judgment in favor of USBNA and PHH.

Mr. Lamell then moved for a new trial under Federal Rule of Civil Procedure 59, which the district court denied.[2] USBNA and PHH moved to amend the judgment, asking the district court to enter summary judgment in their favor with respect to their abandonment of acceleration claim. The district court denied the motion.

Mr. Lamell timely appealed the district court's summary judgment order and its order denying his motion for a new trial.

## II.

We review a district court's order granting a motion for summary judgment de novo, applying the same standard as the district court. *Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A disputed fact is material if it "might affect the outcome of the suit under the governing law[.]" *Hyatt*, 843 F.3d at 177 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "We construe all facts and inferences in the light most favorable to the nonmoving party[.]" *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (quoting *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005)).

## III.

The district court devoted considerable space in its order to discussing whether summary judgment was proper as to (a) USBNA's request for a declaration that it abandoned its acceleration of the loan, and (b) USBNA's

---

[2] The district court construed Mr. Lamell's motion as a Rule 60(b) motion for relief from a final judgment, order, or proceeding.

request for a declaration that the state court settlement and dismissal was res judicata as to Mr. Lamell's statute of limitations affirmative defense. But we need not address either issue. USBNA is entitled to enforce its equitable subrogation rights to foreclose on Mr. Lamell's property. *See Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012) ("We may . . . affirm on any ground supported by the record.").

The doctrine of equitable subrogation is a legal fiction that "allows a lender who discharges a valid lien on the property of another to step into the prior lienholder's shoes and assume that lienholder's security interest in the property, even though the lender cannot foreclose on its own lien." *PNC Mortg. v. Howard*, 616 S.W.3d 581, 582 (Tex. 2021) (quoting *Fed. Home Loan Mortg. Corp. v. Zepeda*, 601 S.W.3d 763, 766 (Tex. 2020)). It "applies 'in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter.'" *Frymire Eng'g Co. ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd.*, 259 S.W.3d 140, 142 (Tex. 2008) (Willett, J.) (quoting *Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 774 (Tex. 2007)).

"Texas courts are particularly hospitable to the doctrine" and apply it liberally. *Bank of Am. v. Babu*, 340 S.W.3d 917, 925 (Tex. App.—Dallas 2011, pet. denied). Its general purpose "is to prevent unjust enrichment of the debtor." *Id.* (citing *First Nat'l Bank of Kerrville v. O'Dell*, 856 S.W.2d 410, 415 (Tex. 1993)).

The district court held that USBNA was entitled to a declaratory judgment that it could foreclose on Mr. Lamell's property pursuant to its equitable subrogation rights. We agree. Notably, Mr. Lamell does not dispute this conclusion on its merits, arguing instead that USBNA is barred by res judicata from enforcing its equitable subrogation rights on the ground that USBNA was required to assert its foreclosure claim as a counterclaim in

the state court action. Not so; at least one Texas appellate court has held that foreclosure claims are not compulsory counterclaims. *See, e.g.*, *Casterline v. OneWest Bank, FSB*, No. 13-17-00118-CV, 2018 WL 1755821, at \*4 (Tex. App.—Corpus Christi Apr. 12, 2018, pet. denied). Mr. Lamell has not directed us to on-point, controlling authority suggesting otherwise.

Mr. Lamell argues further that "the doctrine of equitable subrogation is essentially a red herring" given that the statute of limitations to bring suit for foreclosure has expired. He goes on to argue that lenders cannot invoke equitable subrogation to avoid the statute of limitations. Remarkably, Mr. Lamell cites *PNC Mortgage v. Howard*, 618 S.W.3d 75, 85 (Tex. App.—Dallas 2019) for this proposition. Yet, prior to Mr. Lamell's submission of his brief in this court—and indeed, a few days prior to the district court's issuance of its summary judgment order—the Supreme Court of Texas *reversed* that decision, holding that a lender's failure to timely foreclose under a deed of trust does *not* bar its subrogation rights. *PNC*, 616 S.W.3d at 585; *cf. Zepeda*, 601 S.W.3d at 769.

The Supreme Court of Texas's decision in *PNC* puts an end to the matter. Equitable subrogation protects USBNA's right to foreclose, even if the four-year statute of limitations under § 16.035 of the Texas Civil Practice and Remedies Code has expired *and* even if res judicata does not bar Mr. Lamell from asserting his limitations defense. Of course, we express no view on either issue.

\*     \*     \*

Summary judgment was proper in favor of USBNA on equitable subrogation grounds. Accordingly, the judgment is AFFIRMED.